IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN WILLIAMSON,

        Plaintiff,                               12cv0773
                                                             **ELECTRONICALLY FILED**
        v.

SHARRON BURGUN KRAWTZ,

        Defendant.

**MEMORANDUM ORDER RE. DEFENDANT'S MOTION TO DISMISS (DOC. NO. 9)**

**I. Introduction**

Currently pending before the Court is Defendant Sherran Krawtz's ("Defendant's") Motion to Dismiss pro se Plaintiff Karen Williamson's ("Plaintiff's") Complaint (Doc. No. 2). Doc. No. 9. The parties' dispute centers around the disposition of the estate of Plaintiff's brother, Robert Krawtz ("Mr. Krawtz"). The Complaint contains the following Counts: Count I – Right to Know if a Will Existed; Count II – Right to Know My Brother's Sudden Unexpected Cause of Death; Count III – Right to Personal Property of Family Ancestry; Count IV – Violation of My 1st Amendment Right of Expression; Count V – Intentional Indifference, Stress, Anxiety; Count VI – 7th Amendment Right; and Count VII – Request for Preliminary Injunction.

Although it is difficult to discern the relief Plaintiff is seeking, "[w]here the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Construing the Complaint liberally, it appears Plaintiff is seeking an injunction ordering Defendant to: (1) provide Mr. Krawtz's will (if one existed); (2) disclose Mr. Krawtz's cause of death; and (3) return personal property. It also appears Plaintiff is seeking damages for intentional infliction of emotional distress and violation of her First

Amendment rights.  After careful consideration of Defendant's Motion to Dismiss and Brief in support thereof (Doc. Nos. 9 and 10)[1] and for the reasons set forth herein, Defendant's Motion to Dismiss (Doc. No. 9) will be GRANTED.

**II. Standard of Review**

    **A. Rule 12(b)(1)**

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case."  See *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).  In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true.  *Id*.  A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001).  Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr*

---

[1] Plaintiff was ordered to file a Response to the Motion to Dismiss by January 10, 2013; however, she did not file any response.

*Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

**B. Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1)

3

> identifying the elements of the claim, (2) reviewing the Complaint to strike
> conclusory allegations, and then (3) looking at the well-pleaded components of
> the Complaint and evaluating whether all of the elements identified in part one of
> the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## III. Discussion

### A. Rule 12(b)(1)

Plaintiff asserts that this Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332(a), and § 1335(a). As this Court has previously stated, "[t]he United States Court of Appeals for the Third Circuit noted that the federal interpleader statute, 28 U.S.C. § 1335, is a 'remedial device which enables a person holding property or money to compel two or more

persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action.'" *Prudential Ins. Co. of America v. Alkhafaji*, 2010 WL 2650434, *3 (W.D. Pa. July 1, 2010) (Schwab, J.) (quoting *NYLife Distributors, Inc. v. The Adherence Grp., Inc.*, 72 F.3d 371, 374 (3d Cir. 1995)). Plaintiff does not allege in her Complaint that she holds property over which two or more persons assert a mutually exclusive right. Therefore, this Court lacks jurisdiction pursuant to 28 U.S.C. § 1335.

Title 28, United States Code, Section 1332 provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" when the parties have diverse citizenship. In this case, the diversity of citizenship requirement is fulfilled; however, the amount in controversy requirement is not satisfied. "The general federal rule is to decide the amount in controversy from the complaint itself." *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)). "[T]he amount in controversy is [] measured by the . . . value of the rights being litigated." *Id*. at 146 (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief." *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (citing *Smith v. Adams*, 130 U.S. 167, 175 (1889)).

In her Complaint, Plaintiff states that the possessions for which she seeks an injunction are "of no significance to Defendant." Doc. No. 2, ¶ 9. Plaintiff further avers that those are her only damages. Id., ¶ 12. Plaintiff is de facto conceding that the value of the objective value of the goods is less than the statutory required threshold of $75,000. Furthermore, construing the

Complaint liberally, as is required for pro se litigants, the Court finds no evidence in the Complaint that the $75,000 jurisdictional threshold is satisfied in this case.

Although this Court does not have jurisdiction pursuant to the two sections Plaintiff cites in her Complaint, the Court does have jurisdiction to hear Count IV of Plaintiff's Complaint pursuant to 28 U.S.C. § 1331, because it is a claim arising under the United States Constitution. The Court has jurisdiction to consider the remaining Counts of Plaintiff's Complaint pursuant to 28 U.S.C. § 1367.

### B. Rule 12(b)(6)

As this Court has subject matter jurisdiction over Count IV, the Court will address Defendant's Motion to Dismiss Count IV for failure to state a claim. It is axiomatic that the First Amendment only applies to the actions of government, or individuals acting on behalf of government. *Columbia Broad. Sys., Inc. v. Democratic Nat'l Comm.*, 412 U.S. 94, 114 (1973). Plaintiff does not allege that Defendant was acting on behalf of a government. Therefore, Count IV fails to state a claim for which relief may be granted.

Because this Court has found that Count IV, the sole federal claim, does not state a claim for which relief may be granted, the Court turns to the remaining Counts of Plaintiff's Complaint over which it may exercise supplemental jurisdiction. This Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses these claims without prejudice to Plaintiff's ability to re-file same in State Court.

**IV. Order**

**AND NOW**, this 16th day of January 2013**, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 9) is **GRANTED**.  Count IV of Plaintiff's Complaint is **DISMISSED with PREJUDICE**.[2]  Counts I, II, III, V, and VII are **DISMISSED without PREJUDICE** to re-file those claims in State Court.

The Clerk shall mark this **CASE CLOSED**.

                                                        s/ Arthur J. Schwab
                                                        Arthur J. Schwab
                                                        United States District Judge

cc: All ECF Counsel of Record

PRO SE PLAINTIFF

---

[2] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility.").